UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

RUBEN ORTIZ,                                )
                                            )
    Plaintiff,                              )
                                            )
v.                                          )
                                            )
ASSURANT, INC.,                             )
                                            )
    Defendant.                              )
                                            )

## COMPLAINT

Plaintiff, RUBEN ORTIZ ("Ortiz" or "Plaintiff"), sues Defendant, ASSURANT, INC. ("Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Ortiz's employment relationship with Defendant, including his wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA")[1].

## PARTIES

2. At all times material, Ortiz was a resident of Broward County, Florida.

3. At all times material to this Complaint, Ortiz was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, the Plaintiff will move to amend this complaint to include claims of discrimination and retaliation under the ADA and the FCRA.

4. At all times material, Assurant, Inc. was an "employer" as defined by 29 U.S.C. § 2611(4).

5. At all times material, Assurant, Inc. was a New York corporation doing business and with offices in Broward County, Florida. Assurant, Inc., is and at all times relevant was, an insurance company.

6. At all times material, Defendant employed at least fifty employees within seventy-five miles of Plaintiff's worksite.

7. Plaintiff worked for Defendant for more than 12 months.

8. Plaintiff worked for Defendant for more than 1,250 hours.

## JURISDICTION AND VENUE

9. Ortiz brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*.

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

11. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Ortiz occurred within this judicial district and because Assurant, Inc. has its principal place of business within the district, resides in the judicial district and because the employment records of Ortiz are stored or have been administered in Broward County.

## PROCEDURAL REQUIREMENTS

12. Ortiz has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

13. Ortiz worked for the Defendant as a Manager for almost 1 year and 2 months, and within the last 12 months of employment Plaintiff worked for Defendant for more than 1,250 hours.

14. Defendant considered Ortiz a good employee.

15. From his date of hire until his unlawful termination, Ortiz received satisfactory feedback from Defendant about his work performance.

16. In April 2021, Ortiz got infected with COVID-19 and had a 2-week medical leave. COVID-19 is a serious medical condition.

17. Ortiz immediately came back to work after his 2-week leave, but he began having panic attacks and anxiety. Panic attacks and anxiety are serious medical conditions.

18. Ortiz went on approved short-term disability from June 12, 2021, to July 12, 2021.

19. In July of 2021, because Ortiz' medical condition did not improve, Defendant approved Plaintiff's medical leave for another month.

20. In or about August of 2021, Ortiz requested FMLA leave from Defendant. Defendant approved Ortiz' request for medical leave until November of 2021.

21. Before Ortiz' approved FMLA leave started, Defendant terminated Ortiz.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS (TERMINATION)

22. Ortiz repeats and re-alleges paragraphs 1-21 as if fully stated herein.

23. On August 2021, Ortiz was eligible for FMLA leave.

24. At all times material, Ortiz gave proper notice to Defendant by informing it of his serious medical condition.

25. Ortiz provided enough information for Defendant to know that his potential leave may be covered by the FMLA.

26. Despite its knowledge of Ortiz' medical condition and despite having approved Ortiz' FMLA leave, Defendant terminated Ortiz.

27. When Defendant fired Ortiz, it interfered with Ortiz' rights under the FMLA.

28. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Ortiz' favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

B. Order Ortiz' reinstatement;

C. Award Ortiz actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

D. Award Ortiz compensatory mental damages;

E. Award Ortiz liquidated damages;

F. Award Ortiz prejudgment interest on his damages award;

G. Award Ortiz reasonable costs and attorneys' fees;

H. Award Ortiz any further relief pursuant to the FMLA; and

I. Grant Ortiz such other and further relief as this Court deems equitable and just.

## **COUNT II: VIOLATION OF THE FMLA (RETALIATION)**

29. Ortiz repeats and re-alleges paragraphs 1-21 as if fully stated herein.

30. Defendant terminated Ortiz following his request (and approval) for medical leave due to his serious medical condition.

31. Defendant terminated Ortiz because he requested FMLA leave as described above.

32. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Ortiz for having requested to take FMLA.

33. Ortiz' request and approval for medical leave pursuant to the FMLA was a direct and proximate cause of his termination.

34. As a direct and proximate result of the intentional violations by Defendant of Ortiz' rights under the FMLA, Ortiz has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Ortiz' favor and against Defendant for its violations of the FMLA;

B. Award Ortiz actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Ortiz compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Ortiz has suffered and continues to suffer;

D. Award Ortiz liquidated damages;

E. Order Ortiz' reinstatement;

F. Award Ortiz prejudgment interest on his damages award;

G. Award Ortiz reasonable costs and attorneys' fees; and

H. Grant Ortiz such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: October 22, 2021.

By: s/ Tanesha W. Blye

Tanesha W. Blye, Esq.
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

Aron Smukler, Esq.
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

6

        SAENZ & ANDERSON, PLLC
        20900 N.E. 30th Avenue, Ste. 800
        Aventura, Florida 33180
        Telephone: (305) 503-5131
        Facsimile: (888) 270-5549
        *Counsel for Plaintiff*